**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

MAGDALENE JO SCHEPERS,

    Plaintiff,

vs.

TEREX CORPORATION et al.,

    Defendants.

No. 06-CV-15-LRR

**ORDER**

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
*II.  PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *A.   State Court Lawsuit* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *B.   Instant Lawsuit* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
*III. JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
*IV.  SUMMARY JUDGMENT FACTS* . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
*V.   STAY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *A.   General Abstention Principles* . . . . . . . . . . . . . . . . . . . . . . . *6*
    *B.   Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
*VI.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

## I. INTRODUCTION

Before the court is Defendants' First Motion for Summary Judgment ("Motion") (docket no. 4).

## II. PROCEDURAL BACKGROUND

### A. State Court Lawsuit

On February 3, 2005, Plaintiff Magdalene Jo Schepers ("Schepers") filed a lawsuit ("State Court Lawsuit") in the Iowa District Court in and for Linn County against Defendants Terex-Cedarapids, Inc. ("Cedarapids") and Karen Beard ("Beard"), alleging defamation. *See Magdalene J. Schepers v. Terex-Cedarapids, Inc. & Karen Beard*, No. 06571 LACV051127 (Iowa Dist.).[1] The State Court Lawsuit is still pending in the Iowa District Court in and for Linn County. It appears that substantial discovery has been undertaken, because the state court has ruled upon a motion to compel and a motion to quash subpoenas. Trial is set in the State Court Lawsuit for January 22, 2007.

### B. Instant Lawsuit

On January 19, 2006, almost a year after she commenced the State Court Lawsuit, Schepers filed the instant lawsuit ("Instant Lawsuit") in the Iowa District Court in and for Linn County against Stacey Babson-Smith ("Babson-Smith") and Terex Corporation ("Terex"). Plaintiff again sought to recover damages for defamation based upon the same operative facts present in the State Court Lawsuit.

On January 24, 2006, Defendants removed the Instant Lawsuit to this court.

---

[1] Some of the pleadings in the State Court Lawsuit are part of the record in this case. The Iowa state court civil docket may also be accessed on the Internet at *www.judicial.state.ia.us/online_records*. To the extent the pleadings are not part of the record in this case, the court takes judicial notice of them as public records. *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (taking judicial notice of related case).

Defendants invoked this court's diversity jurisdiction under 28 U.S.C. § 1332.

On February 7, 2006, Defendants filed the instant Motion. On March 9, 2006, Plaintiff filed a Resistance. On March 20, 2006, Defendants filed a Reply. Neither party has requested oral argument, and the court finds oral argument is unnecessary at this time.

### III.  JURISDICTION

The court has diversity subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). The parties are diverse. Schepers is a resident of Iowa; Babson-Smith is a resident of Connecticut; and Terex is incorporated in Delaware and has its principal place of business in Connecticut. The amount in controversy exceeds $75,000. Therefore, the court is satisfied that it has jurisdiction over this matter.

### IV.  STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it is a fact that "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *See McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005); *Woods*, 409 F.3d at 990.

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has

successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see, e.g., Anderson*, 477 U.S. at 248; *Janis v. Biesheuvel*, 428 F.3d 795, 799 (8th Cir. 2005). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The nonmoving party must submit "sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy." *Gregory v. City of Rogers, Ark.*, 974 F.2d 1006, 1010 (8th Cir. 1992) (quoting *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 681 (9th Cir. 1985)). Furthermore, "[a] mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* (citing *Anderson*, 477 U.S. at 252).

## V. SUMMARY JUDGMENT FACTS

As viewed in the light most favorable to Schepers, the nonmoving party, and affording her all reasonable inferences, the facts are these:

On July 26, 1993, Cedarapids, a wholly owned subsidiary of Terex, hired Schepers in an unknown capacity. While working at Cedarapids, Schepers injured her shoulders and upper extremities and developed bilateral carpal tunnel syndrome. Schepers ultimately filed a workers' compensation claim against Cedarapids.

After Schepers filed her workers' compensation claim, Cedarapids' insurance carrier, Travelers Insurance ("Travelers"), hired a private investigator. The private investigator conducted surveillance and, in late November of 2003, videotaped Schepers'

4

activities.[2]

Karen Beard is Cedarapids's Director of Human Resources. At some time prior to January 21, 2004, Beard consulted Babson-Smith, a lawyer who works as Deputy General Counsel for Terex, about Schepers' employment status. Beard also sent Babson-Smith a copy of the surveillance videotapes involving Schepers.

Babson-Smith's duties include giving legal advice to Cedarapids's employees about employment matters. After seeking legal advice from Babson-Smith, Beard made the "final decision" to fire Schepers.

On January 21, 2004, Beard wrote a letter terminating Schepers' employment. The letter falsely alleged that Schepers was "stealing from the Company, . . . submitting false reports detrimental to the Company, and not following the Company's doctor's restricted work limitations." Beard sent a copy of the termination letter to Joe Ironside, Schepers' union representative. On an unknown date, Beard had a teleconference with Schepers, in which Beard repeated the false allegations in the termination letter to Leon Smock and Mike Woodward, two of Schepers' co-employees.

## V. STAY

Although the parties' briefs discuss the merits of the Motion, the court first considers whether it is more appropriate to stay all proceedings in this action in light of

---

[2] The parties do not directly discuss the circumstances surrounding the hiring of the investigator or the specific allegations against Schepers. In a letter to the Iowa Civil Rights Commission, however, Beard alleged that she received an anonymous tip in mid-November of 2003. The tipster alleged that, even though Schepers was collecting workers' compensation benefits, she was working at the Hound Dog, a bar in Monmouth, Iowa. Cedarapids notified Travelers. Travelers hired the private investigator. Beard told the Iowa Civil Rights Commission that the investigator's videotapes showed that (1) on November 22, 2003, Schepers was tending bar at the Hound Dog and (2) on November 29, 2003, Schepers was lifting small children.

the State Court Lawsuit, a first-filed state court action involving the same operative set of facts. The court may raise the propriety of issuing such a stay *sua sponte*. *Cf. Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) ("[I]t would appear that abstention may be raised by the court [s]ua sponte.") (citing *England v. Med. Exam'rs*, 375 U.S. 411, 413 (1964)); *Robinson v. City of Omaha, Neb.*, 866 F.2d 1042, 1043 (8th Cir. 1989) ("[S]ince the practice of abstention is equitable in nature, this court may raise the issue of the appropriateness of abstention *sua sponte*." (Internal citations and quotation marks omitted.)); *Edwards v. Ark. Power & Light Co.*, 683 F.2d 1149, 1156 n.9 (8th Cir. 1982) ("It is not necessary that a party request that the federal court abstain . . . . The court may decide sua sponte that abstention is proper." (Citations omitted.).

### A. General Abstention Principles

"Generally, as between state and Federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.* However, if "exceptional circumstances" are present in a given case, a federal district court may dismiss or stay an action because of concurrent state proceedings. *Colorado River*, 424 U.S. at 818 (dismissal); *Boushel v. Toro Co.*, 985 F.2d 406, 409 n.2 (8th Cir. 1993) (stay).

### B. Analysis

The court concludes that exceptional circumstances are present here that warrant the issuance of a stay of the Instant Lawsuit until the conclusion of the State Court Lawsuit. Schepers' two lawsuits are virtually identical—Schepers claims defamation in both actions based upon identical facts. The same operative set of facts will thus be analyzed in both

forums. Moreover, the state and federal courts will both analyze Iowa defamation law when deciding Schepers' claims. The court finds that, if the state and federal actions were to proceed simultaneously, different outcomes and inconsistent judgments on the same set of facts and same laws are possible. Considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, counsel in favor of a stay. *Cf. Fed. Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 297-98 (8th Cir. 1995) (discussing *Colorado River* abstention). It is not judicially efficient for Schepers to proceed on the same claims against two defendants in state court and two other defendants in federal court.

Babson-Smith's and Terex's Motion exposes the dangers of piecemeal litigation in this case. Babson-Smith and Terex make clear that this is only their first motion for summary judgment. In the Motion, Babson-Smith and Terex inform the court that they are only raising one of several defenses available to them. The defense offered in the Motion is that, under Iowa law, a lawyer cannot be held liable to a plaintiff in a defamation case for advising a client. Obviously, this defense is not available to Beard and Cedarapids in the State Court Lawsuit. However, Defendants specifically reserve the right to raise several other defenses in future motions for summary judgment. Defendants contend that the following defenses are available to all the defendants in both actions: (1) the truth of the defamatory statements in the letter; (2) the statements are absolutely privileged; and (3) the statements are qualifiedly privileged. If the state court resolves *any* of these three state-law defenses in favor of Beard and Cedarapids, that decision is controlling in the Instant Lawsuit. There is no question that Beard and Cedarapids have every incentive in the State Court Lawsuit to adequately protect the rights of Babson-Smith and Terex in the Instant Lawsuit. Indeed, the same counsel represents both pairs of defendants.

The court recognizes that, if Schepers is able to recover from Beard for defamation

7

in the State Court Lawsuit, then Schepers may pursue her claim against Babson-Smith in the Instant Lawsuit. In other words, if Beard and Cedarapids are liable for defamation, Babson-Smith and Terex may or may not be liable for defamation depending upon whether the defense asserted in the instant Motion is a valid one. Unlike the three defenses also available to Terex and Babson-Smith, the defense asserted in the instant Motion is specific to the Instant Lawsuit and is not available to the other defendants in the State Court Lawsuit. Issuing a temporary stay of these proceedings until the conclusion of the State Court Lawsuit will not foreclose the rights of Terex and Babson-Smith to pursue such a defense in federal court, should the need to do so eventually arise.

The State Court Lawsuit was filed almost a year before the Instant Lawsuit. It is clear that there has been substantial progress made in the state case, as opposed to the federal case. The state court has already resolved discovery disputes. The state trial is scheduled to commence on January 22, 2007. In contrast, the federal discovery deadline is not until February 1, 2007, the dispositive motions deadline is not until February 15, 2007, and the trial is not scheduled to proceed until May 21, 2007. Therefore, the court concludes that the State Court Lawsuit has progressed much further than the Instant Lawsuit. Accordingly, the State Court Lawsuit has priority over the Instant Lawsuit and this factor also weighs in favor of a stay.

Iowa law also controls Schepers' defamation claims. The issue before this court is an abstruse issue of first impression under Iowa law. Although the fact that Iowa law controls is not determinative, *cf. In re Abbott Laboratories*, 51 F.3d 524, 529 (5th Cir. 1995) (concluding that relying on "the novelty or complexity of state law issues is not enough to compel abstention"), the presence of novel or complex state law issues makes the matters better suited to disposition by the state courts. *See Gov't Employees Ins. Co. v. Simon*, 917 F.2d 1144, 1149 (8th Cir. 1990) (noting that the case "[did] not involve

8

complex questions of state law that a state court might be best suited to resolve" and therefore the fifth factor did not fall into one of the "'rare circumstances' [in which] the presence of state law issues will favor abstention") (internal quotations omitted); *see also Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1038 (8th Cir. 1999) (stating that "novel" and "complex" "issues of state law . . . are precisely the types of issues as to which the federal courts should hesitate to exercise § 1367 supplemental jurisdiction"). The issuance of a stay will permit the Iowa state court system to have the first opportunity to resolve Schepers' state law claims.

The case at bar is remarkably similar to *Boushel v. Toro Co.*, 985 F.2d 406 (8th Cir. 1993), in which the Eighth Circuit Court of Appeals noted that the district court did not abuse its discretion by entering a stay pending resolution of a concurrent proceeding in a foreign court concerning the same operative facts.[3] In reaching its holding, the court wrote:

> [W]e must examine the substance of what the court intended.
> . . .
> The district court recognized the peculiar nature of this case. The claims in the foreign and federal action overlap to a large degree, but do not overlap completely. The district court took pains to make clear that it was issuing a stay of the federal action, not a dismissal. The order specifically stated that if the Boushel interests were unable to obtain complete relief in the Quebec action, they are free to continue the federal action.
> . . .

---

[3] Although the Eighth Circuit Court of Appeals' holding was limited to whether the stay which the district court issued was a final appealable order (the Court held it was not), the Court noted that "[w]ere we to reach the merits . . . , we would conclude that the district court did not err or abuse its discretion in entering the stay." *Boushel*, 985 F.2d at 409 n.2. In addition, the issues overlapped, and thus quoted portion of *Boushel* that follows was necessary to the court's holding.

9

*Colorado River* abstention, which allows federal courts to dismiss or stay cases in deference to concurrent state court proceedings, is appropriate where the federal court faces the identical substantive issue presented in the state court. In such a case, a stay of the federal suit pending resolution of the state suit means that there would be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata.

This is not the situation in the present case. As both parties acknowledge, the federal suit filed by the Boushel interests arises out of the same operative facts. However, the United States suit presents claims specifically naming Pollick and Himan as defendants, whereas the Quebec action does not. The issues therefore are not identical in the foreign and federal forums.

Furthermore, in the present situation, the Quebec action may well dispose of the Boushel interests' claims against Himan and Pollick, but it also may not. While the two concurrent suits involve many of the same issues, resolution of the Quebec action will not necessarily foreclose additional proceedings in the United States action. It is true that the Quebec action may have some preclusive res judicata effect in the federal suit. It is not clear, however, that the Canadian judgment will bar proceedings in the federal court against Himan and Pollick as individuals. If, as the district court suspected, the Boushel interests are able to recover from Toro in the Quebec action via respondeat superior for the wrongdoing of Himan and Pollick, then the Boushel interests will have no need to return to the federal forum. If, however, they are unable to recover for the acts of Himan and Pollick as individuals, the Boushels can return and pursue those claims in federal court. In this sense, the stay is not like a Colorado River stay because the district court did not face precisely the same issue in the concurrent proceeding and the res judicata effect is far less certain.

> In granting the stay, the district court recognized that there was substantial overlap in the two cases, which is why it granted the stay in the interests of judicial economy and international comity. However, the district court also recognized that the Quebec action might not conclusively resolve all the Boushel interests' claims against Himan and Pollick, which is why it specifically left the door open for further litigation in the federal court. Therefore, the order did not effectively throw the plaintiffs out of court. Rather, the stay issued was a temporary suspension. It is irrelevant that the order is indefinite because the order ensures further proceedings in the federal court if necessary.

*Boushel*, 985 F.2d at 408-10 (citations, internal quotation marks and alterations omitted). As in *Boushel*, here there is substantial overlap in the cases and the parties, and the issuance of a stay will not "effectively throw the plaintiff[] out of court" or deprive the defendants of a federal forum.[4] The door is left open for further litigation in this court. At bottom, the issuance of a stay is simply "a matter of docket management." *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) and *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir. 1983)).

For all of the foregoing reasons, the court finds that exceptional circumstances present in this case warrant staying all proceedings in this matter until resolution of the State Court Lawsuit.

---

[4] Although *Boushel* is in part motivated on account of concerns of *international* comity, *see id.* at 409, in reaching its holding the Court repeatedly relied upon on *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990). *Lunde* involved a stay due to concurrent proceedings in state court. The fact that *Boushel* involved a parallel foreign proceeding as opposed to a parallel state court proceeding is thus immaterial.

## VI.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED:**

(1) All proceedings in this case are **STAYED** pending final resolution of the lawsuit pending in the Iowa District Court In and For Linn County, that is: *Schepers v. Terex Cedarapids, Inc., et al.*, No. 06571 LACV051127 (Iowa Dist.);

(2) Except as otherwise provided in this Order, the parties shall not file any more papers in this action until the court lifts the stay ordered herein;

(3) The parties shall file a joint report to the court on the progress of the state action on January 1, 2007, and every six months thereafter;

(4) Plaintiff Magdalene Jo Schepers shall notify the court immediately once the state court action is finally resolved;

(5) Defendants' Motion for Summary Judgment (docket no. 5) is **DENIED WITH LEAVE TO REFILE** once the stay is lifted; and

(6) The Clerk of Court is directed to administratively close this case.

**IT IS SO ORDERED.**

**DATED** this 25th day of July, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA