**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| MAGDALENE JO SCHEPERS,<br><br>        Plaintiff,<br><br>vs.<br><br>STACEY BABSON-SMITH and TEREX CORPORATION,<br><br>        Defendants. | No. 06-CV-15-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.*     *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*    *BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
      *A.*    *Filing of the State Court Lawsuit* . . . . . . . . . . . . . . . . *2*
      *B.*    *Proposed Amended Petition in the State Court Lawsuit* . . . . . . . . *2*
      *C.*    *Filing of the Instant Lawsuit* . . . . . . . . . . . . . . . . . . *3*
      *D.*    *Stay of the Instant Lawsuit* . . . . . . . . . . . . . . . . . . . *3*
      *E.*    *Dismissal of the State Court Lawsuit* . . . . . . . . . . . . . . . *4*
      *F.*    *Dismissal of the Instant Lawsuit* . . . . . . . . . . . . . . . . . *5*
      *G.*    *Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

*III.*   *JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

*IV.*    *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
      *A.*    *28 U.S.C. § 1927* . . . . . . . . . . . . . . . . . . . . . . . . . *9*
      *B.*    *Inherent Power* . . . . . . . . . . . . . . . . . . . . . . . . . *14*

*V.*     *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

*I. INTRODUCTION*

The matter before the court is the Motion for Award of Attorney Fees ("Motion") (docket no. 42), which was filed by Defendants Stacey Babson-Smith ("Babson-Smith") and Terex Corporation ("Terex").

## II. BACKGROUND

### A. *Filing of the State Court Lawsuit*

On February 3, 2005, Plaintiff Magdalene Jo Schepers ("Schepers") filed a Petition in the Iowa District Court for Linn County against Cedarapids, Inc. ("Cedarapids")[1] and Karen S. Beard ("Beard"). *See Magdalene J. Schepers v. Cedarapids, Inc. & Karen S. Beard*, No. 06571 LACV051127 (Iowa Dist. Feb. 3, 2005) ("State Court Lawsuit").[2] Schepers alleged that Beard, one of Cedarapids's employees, defamed Schepers when Beard explained why Cedarapids fired Schepers to other persons. Schepers claimed that Beard communicated the defamatory statements to (1) Schepers's union representatives, (2) the Iowa Insurance Commissioner and (3) "possibly to third parties as yet unknown." Response (docket no. 31-2), at 4-5. Schepers claimed that Beard made such statements "in the course and scope of her position and employment with [Cedarapids] as Director of Human Resources[] and with full knowledge and approval of [Cedarapids]." *Id.* at 6. Schepers sought punitive damages from Cedarapids under a *respondeat superior* theory of liability. On May 6, 2005, Cedarapids and Beard filed an Answer, in which they denied the substance of Schepers's allegations.

### B. *Proposed Amended Petition in the State Court Lawsuit*

On January 13, 2006, Schepers filed a motion for leave to amend ("motion to amend") her Petition to add Babson-Smith and Terex as defendants in the State Court Lawsuit. In a proposed amended petition that she attached to her motion to amend,

---

[1] Schepers initially named "Terex-Cedarapids, Inc." as the corporate defendant.

[2] The file of the State Court Lawsuit is part of the record. *See* Order (docket no. 28) (directing Babson-Smith and Terex to file a copy of all records and proceedings in the State Court Lawsuit); Response (docket no. 31) (first volume); and Response (docket no. 32) (second volume). The Iowa state court civil docket may be accessed on the Internet at http://www.judicial.state.ia.us/online_records. *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (discussing judicial notice of court records).

Schepers alleged that Babson-Smith, an in-house attorney for Terex, Cedarapids's parent corporation, advised Beard to fire Schepers. Specifically, Schepers alleged that, "[a]t the time that Beard published the defamatory letter [to third parties], [Beard] did so with the specific authorization and at the direction and behest of . . . Babson-Smith, who was acting in furtherance of her duties as counsel for [Terex]." *Id.* at 76. Further, "Babson-Smith had personally reviewed and approved the content of the defamatory termination letter[] and was aware that [it] would be published and communicated to third parties." *Id.* Schepers sought punitive damages against Terex under a *respondeat superior* theory of liability.

On January 26, 2006, Beard and Cedarapids filed a resistance to Schepers's motion to amend. The state court set a hearing on the motion for March 3, 2006. On March 2, 2006, Schepers withdrew the motion to amend.

### *C. Filing of the Instant Lawsuit*

Meanwhile, on January 19, 2006, Schepers filed the instant lawsuit ("Instant Lawsuit") in the Iowa District Court for Linn County against Babson-Smith and Terex. In the Instant Lawsuit, Schepers makes the same claims against Babson-Smith and Terex as she did in her proposed amended petition in the State Court Lawsuit. On January 24, 2006, Babson-Smith and Terex removed the Instant Lawsuit to this court. They invoked this court's diversity jurisdiction, 28 U.S.C. § 1332.

### *D. Stay of the Instant Lawsuit*

On July 25, 2006, the undersigned stayed all matters in the Instant Lawsuit pending resolution of the State Court Lawsuit. The undersigned held that "exceptional circumstances . . . warrant[ed] the issuance of a stay[, in part because] Schepers'[s] two lawsuits are virtually identical—Schepers claims defamation in both actions is based upon identical facts." Order (docket no. 14), at 6.

### E. Dismissal of the State Court Lawsuit

On January 2, 2007, Beard and Cedarapids filed a motion to dismiss the State Court Lawsuit. Beard and Cedarapids argued that § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a),[3] preempted the State Court Lawsuit. Beard and Cedarapids pointed out that a collective bargaining agreement ("CBA") governing Schepers's employment required Beard to inform Schepers's union representatives of the reasons for her termination. Further, the CBA required Schepers to exhaust a formal grievance procedure through her union before litigating a dispute over her termination in court; this grievance procedure included arbitration that Schepers did not invoke. Accordingly, Beard and Cedarapids argued that Schepers's "claims are preempted because [their] defenses are inextricably intertwined with the CBA" [and] [i]t is impossible to evaluate [such] defenses without interpreting and analyzing the CBA." Response (docket no. 32-5), at 31. On February 7, 2007, Schepers filed a resistance to the motion to dismiss.

On March 13, 2007, the state court granted the motion to dismiss in part. Relying in part upon *Gore v. Trans World Airlines*, 210 F.3d 944, 949 (8th Cir. 2000) and *Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620, 623 (8th Cir. 1989), the state court held that the LMRA preempted the Petition "with regard to the statements made to the union

---

[3] **(a) Venue, amount, and citizenship**

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (emphasis in original).

representatives." Response (docket no. 32-7), at 10. The state court held that the LMRA did not preempt the Petition "[w]ith regard to statements made . . . 'to the Iowa Insurance Commissioner' and/or 'to third parties as yet unknown . . . .'" *Id.*

On September 10, 2007, Schepers voluntarily dismissed the remainder of the State Court Lawsuit "without prejudice." Dismissal (docket no. 32-9), at 1. There was no explanation for Schepers's dismissal. Schepers never appealed the state court's ruling on the motion to dismiss.

### F. *Dismissal of the Instant Lawsuit*

On April 12, 2007, Babson-Smith and Terex filed a motion to lift the stay in the Instant Lawsuit. They pointed out that the state court "dismissed the underlying defamation claim against [Beard and Cedarapids] that serves as the basis for [Schepers's] claim in this case." Motion to Lift Stay (docket no. 16), at 1. Schepers did not file a response to the motion to lift the stay. On May 9, 2007, the court granted the motion to lift the stay.

On June 19, 2007, Babson-Smith and Terex filed a motion for summary judgment. Babson-Smith and Terex argued alternatively that (1) the LMRA preempted the Instant Lawsuit "in the same manner as [Schepers's] claims in [the State Court Lawsuit] against Cedarapids and Beard," Motion for Summary Judgment (docket no. 20), at 1; (2) Schepers's defamation claim failed, because she could not prove that Babson-Smith "published any defamatory statement," *id.*; (3) an attorney cannot be held liable for defamation simply for advising her client; (4) Schepers could not prove her claim against Babson-Smith without violating the attorney-client privilege; and (5) Schepers's claim against Terex failed, because such claims "are entirely derivative of her claims against Babson-Smith," *id.* at 2. On July 13, 2007, Schepers filed a resistance to the motion for summary judgment.

On October 15, 2007, Babson-Smith and Terex filed a motion to submit a further

5

brief in support of their motion for summary judgment. Schepers did not file a response to the motion to file a further brief. On October 22, 2007, the court granted the motion to file a further brief and ordered the Clerk of Court to file the proposed brief.

In their additional brief, Babson-Smith and Terex pointed out that the October 12, 2007 deadline for Schepers's filing an appeal of the state court's order of partial dismissal in the State Court Lawsuit had passed. Babson-Smith and Terex argued that Schepers's claims in the Instant Lawsuit were barred under the doctrine of issue preclusion. Schepers did not file a responsive brief to Babson-Smith's and Terex's issue-preclusion argument in their additional brief.

On November 29, 2007, the court noted that Schepers had failed to respond to the additional brief. The court ordered Schepers to file a resistance on or before December 6, 2007. The court stated that, if Schepers did not file a timely resistance to the additional brief, the court would grant the motion for summary judgment as unresisted.

On December 6, 2007, Schepers filed a putative "Dismissal Without Prejudice" of the Instant Lawsuit. Schepers offered no authority in support of, or explanation for the timing of, the "Dismissal Without Prejudice." On December 10, 2007, the court *sua sponte* struck the "Dismissal Without Prejudice," because it failed to comply with Federal Rule of Civil Procedure 41.[4] Finding no resistance to the additional brief, the court granted the motion for summary judgment as unresisted. Out of an abundance of caution, the court alternatively granted the motion for summary judgment on the merits. The court held:

> [Schepers]'s lawsuit is frivolous. First, the lawsuit is plainly preempted by § 301(a) of the [LMRA], 29 U.S.C. § 185(a).

---

[4] A plaintiff may not unilaterally dismiss her case after a defendant files a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); *see also Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 397 (1990) (explaining that Rule 41(a)(1) was designed to curb abuses of prior nonsuit rules).

6

> The procedural posture of this case is virtually indistinguishable from *Gore v. Trans World Airlines*, 210 F.3d 944, 950 (8th Cir. 2000) . . . . Second, [Schepers] cannot show the required element of publication on the part of [Babson-Smith]. *See Kiesau v. Bantz*, 686 N.W.2d 164, 175 (Iowa 2004) (reiterating that defamation requires proof of publication on the part of the defendant); *see, e.g., Yoggerst v. Stewart*, 623 F.2d 35, 38 (7th Cir. 1980) ("An attorney, offering advice in good faith, is not liable for the torts of a client."). Therefore, [Schepers]'s theory of respondeat superior liability against [Terex] necessarily fails.

Order (docket no. 39), at 1, n.1. The court dismissed the Instant Lawsuit with prejudice and ordered Schepers to pay the costs of Babson-Smith and Terex. Schepers did not appeal the court's dismissal of the Instant Lawsuit.

### *G. Motion*

On December 12, 2007, Babson-Smith and Terex filed the instant Motion. On January 2, 2008, Schepers filed a Resistance. Babson-Smith and Terex did not file a Reply.

On January 18, 2008, the court held a hearing ("Hearing") on the Motion. Attorney David A. Hacker represented Babson-Smith and Terex. Attorney David E. Schrock represented Schepers. The matter is fully submitted and ready for decision.

### *III. JURISDICTION*

The court had diversity jurisdiction over the Instant Lawsuit pursuant to 28 U.S.C. § 1332. *See* Order (docket no. 14), at 3 (making jurisdictional findings). Now that the underlying controversy has reached judgment, however, the court must assure itself that it also has jurisdiction over the Motion. *Compare Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 491 F.3d 355, 365 (8th Cir. 2007) (holding that the district court lacked subject-matter jurisdiction over a motion for preliminary injunction to protect an underlying judgment, because such judgment was "rendered, paid, and

satisfied"), *petition for cert. filed*, 76 U.S.L.W. 3260 (Oct. 15, 2007) (No. 07-618), *with Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 127-28 (2d Cir. 2007) (declining to follow *Goss*), *petition for cert. filed sub nom. PT Pertamina (Persero) v. Karaha Bodas Co.*, 2007 WL 4350777 (Dec. 10, 2007) (No. 07-619).

The court finds that it has subject-matter jurisdiction over the Motion. As the Supreme Court explained when discussing a similar motion for attorneys' fees that was filed after dismissal of an underlying claim:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. This Court has indicated that motions for costs or [attorneys'] fees are independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree. Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. A criminal contempt charge is likewise a separate and independent proceeding at law that is not part of the original action. A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated. Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395-96 (1990) (applying Fed. R. Civ. P. 11) (citations and internal quotation marks omitted); *cf. Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) (holding that district court had jurisdiction over a motion for attorneys' fees, brought pursuant to 28 U.S.C. § 1927 after judgment was rendered,

8

even though underlying judgment was on appeal).

## IV. ANALYSIS

In the Motion, Babson-Smith and Terex seek to recover $4,466.64 in attorneys' fees. They incurred such fees in the Instant Lawsuit after the state court ruled that the LMRA preempted Schepers's defamation claims against Beard and Cedarapids in the State Court Lawsuit.[5] In her Resistance, Schepers does not dispute that $4,466.64 was reasonably incurred. The only issue is whether an award of attorneys' fees is appropriate.

"Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 127 S. Ct. 1199, 1203 (2007) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). "This default rule can, of course, be overcome by statute." *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). It may also be overcome by the inherent power of the court, *Aleyeska*, 421 U.S. at 258-59, or rule, *see Cooter*, 496 U.S. at 391-93 (discussing Fed. R. Civ. P. 11). Babson-Smith and Terex base their request for attorneys' fees upon a fee-shifting statute, 28 U.S.C. § 1927, and the inherent power of the court. The court considers these two bases for an award of attorneys' fees, in turn.

### A. *28 U.S.C. § 1927*

At all relevant times, 28 U.S.C. § 1927 provided:

> Any attorney . . . admitted to conduct cases in any court of the United States . . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

---

[5] Counsel for Babson-Smith and Terex represents to the court that, in situations in which time was spent working on both the Instant Lawsuit and the State Court Lawsuit, "the fee was allocated 2/3 to [the State Court Lawsuit] and 1/3 to [the Instant Lawsuit]." Brief in Support of Motion (docket no. 42), at 7. Schepers does not challenge the propriety of this allocation of fees.

9

attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.[6] The Eighth Circuit Court of Appeals has remarked that § 1927 "appears to require both a finding of objectively unreasonable behavior and a finding of bad faith." *NAACP v. Atkins*, 908 F.2d 336, 340 (8th Cir. 1990). *But see Salkil v. Mt. Sterling T'ship Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006) ("[C]ourts need not make a finding of subjective bad faith before assessing sanctions under § 1927."). *See generally Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) (describing circuit split). "The statute permits sanctions when an attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark v. UPS, Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (citing *Tenkku v. Normandy Bank*, 348 F.3d 737, 743-44 (8th Cir. 2003)). Even when such findings are made, however, "[s]anctions under § 1927 . . . . are discretionary, not mandatory." *Burull v. First Nat'l Bank of Minneapolis*, 831 F.2d 788, 790 (8th Cir. 1987). The court's discretion is substantial. *See O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987) (stating that the Eighth Circuit Court of Appeals "give[s] substantial deference to the district court's ultimate determination because of that court's 'intimate familiarity with the case, parties, and counsel.'" (quoting *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001)).

Applying the foregoing standards, the court holds that an award of attorneys' fees under § 1927 is appropriate in this case. The court finds that Schepers's counsel are admitted to practice in this court, a "court of the United States." 28 U.S.C. § 451 (defining "court of the United States"); *see also id.* § 95 (establishing the Northern District

---

[6] When applying § 1927, it is important to note that such statute "does not distinguish between winners and losers, or between plaintiffs and defendants." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980). "The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law." *Id.* "It is concerned only with limiting the abuse of court processes." *Id.*

10

of Iowa). The court finds that counsel have unreasonably and vexatiously multiplied the proceedings. From its inception, the Instant Lawsuit was a frivolous action.

It was certainly reasonable and non-vexatious for counsel to initiate the State Court Lawsuit, even though the state court later found that LMRA preempted the defamation claims that mirror those in the Instant Lawsuit. *See, e.g., Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978) (urging, in another statutory context, that the "district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation"); *Books are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 549 (S.D. Iowa 2007) (Gritzner, J.) (discussing same principle in the § 1927 context). The problem rests with counsel's actions in initiating and prosecuting the Instant Lawsuit. Filing and prosecuting a defamation lawsuit against one's employer is one matter; filing a second defamation lawsuit, midstream, against in-house counsel and a parent corporation is an entirely different matter.

As a threshold matter, the timing of the filing of the Instant Lawsuit is highly suspect. The Instant Lawsuit was filed at the last minute as an apparent end-run around a pending motion for leave to amend the Petition in the State Court Lawsuit. This is some evidence of counsel's bad faith in initiating and prosecuting the Instant Lawsuit. *Cf. Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs.*, 165 F.3d 627, 629-31 (8th Cir. 1999) (affirming award of sanctions against attorneys who initiated parallel litigation in state court at an opportune time to obtain a favorable ruling for use in federal proceedings).

In addition, the defamation claims in the Instant Lawsuit were objectively unreasonable and evidence of counsel's bad faith. There was little or no basis for the Instant Lawsuit in fact or law. To this date, the court is unaware of any evidence to substantiate the factual assertions in the Petition in the Instant Lawsuit. For example,

Schepers's allegation that Babson-Smith directed Beard to publish a defamatory termination letter to third parties is wholly unsubstantiated. Given the facts that (1) Schepers was not a party to any conversations between Beard and Babson-Smith and (2) Beard and Babson-Smith have steadfastly asserted attorney-client privilege with respect to the content of their conversations, it is wholly unclear how counsel for Schepers had any basis for making these assertions in the Petition. In any event, the court is unaware of any legal authority that supports counsel's theory of liability against Babson-Smith. To the contrary, courts have repeatedly held that attorneys offering advice in good faith are not liable for the torts of their clients. *See, e.g., Yoggerst v. Stewart*, 623 F.2d 35, 38 (7th Cir. 1980).[7] Where, as here, there is little or no support for a claim in fact or law, the court may conclude that the entire action was brought in bad faith and sanctions are appropriate under 28 U.S.C. § 1927. *See, e.g., Perkins v. Gen. Motors Corp.*, 965 F.2d 597, 600-02 (8th Cir. 1992) (affirming award of sanctions in part because the attorney pursued unsupported factual allegations and filed false pleadings); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d. Cir. 1986) ("[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose . . . . ." (Citation omitted.)). The purpose of the Instant Lawsuit was to harass and gain leverage in the State Court Lawsuit.

Even if the foregoing problems with the Instant Lawsuit are not considered, the sanctions sought in this case would still be appropriate. As indicated, Babson-Smith and Terex only seek to recover the $4,466.64 in attorneys' fees that they expended after the

---

[7] Counsel for Schepers emphasize that their theory of liability against Babson-Smith raises a first-impression issue for the court, because neither the Supreme Court, the Eighth Circuit Court of Appeals nor the Iowa Supreme Court have squarely rejected it. While sometimes counsel's creation of a first-impression issue may save counsel from findings of unreasonableness, vexatiousness or bad faith, *see, e.g., Asai v. Castillo*, 593 F.2d 1222, 1225 (D.C. Cir. 1978), this cannot be true in all cases. Sometimes an issue is a first-impression issue because it is so unreasonable.

state court dismissed the parallel defamation claim in the State Court Lawsuit. If the Instant Lawsuit were not frivolous when the Petition therein was filed, it was certainly frivolous upon dismissal of the parallel defamation claims in the State Court Lawsuit. Schepers's counsel do not dispute that the parallel defamation claims in the State Court Lawsuit against Beard and Cedarapids rose or fell with the defamation claims in the Instant Lawsuit against Babson-Smith and Terex. Section 1927 "'impose[s] a continuing duty upon attorneys to dismiss claims that are no longer viable.'" *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Accordingly, Schepers's counsel had an duty to seek dismissal of the Instant Lawsuit as soon as the state court's dismissal became final. Rather than dismiss the Instant Lawsuit, though, counsel allowed the Instant Lawsuit to drag on for months. As a direct consequence, Babson-Smith and Terex were forced to pay counsel $4,466.64 to file various motions and otherwise attend to this case. The actions of Schepers's counsel in this regard was unreasonable, vexatious and in bad faith. Such actions served to multiply the proceedings unnecessarily. Viewed objectively, counsels' actions manifest either intentional or reckless disregard of their duties to the court and are sanctionable. *Cf. Lupo v. R. Rowland & Co.*, 857 F.2d 482, 485-86 (8th Cir. 1988) (alternatively affirming award of sanctions under § 1927 where plaintiffs' counsel "had conducted the litigation in a manner that escalated costs unnecessarily and vexatiously" (internal quotation marks omitted)).

The fact that counsel later attempted to voluntarily dismiss without prejudice Schepers's claims at the last minute without any explanation confirms the court's findings of unreasonableness, vexatiousness and bad faith. *See, e.g.*, *Lee*, 236 F.3d at 443-46 (affirming award of sanctions under § 1927, where plaintiff allowed baseless claims to proceed for an extended period of time and then abandoned them without explanation). Further, the attempted dismissal was part of a larger pattern in the Instant Lawsuit and the related State Court Lawsuit. On repeated occasions, when an important deadline came to

13

respond to a motion or legal argument, counsel for Plaintiffs either failed to respond entirely, withdrew a pending motion or voluntarily dismissed previously pleaded claims without explanation.

Accordingly, the court shall order counsel for Schepers to pay Babson-Smith and Terex $4,466.64 in attorneys' fees, pursuant to 28 U.S.C. § 1927.[8]

### B. Inherent Power

The court also has an inherent power to fashion an award of attorneys' fees that exists independent of § 1927. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). However, because the Eighth Circuit Court of Appeals construes § 1927 to require a finding of bad faith, "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys . . . while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri*, 803 F.2d at 1273. Accordingly, for the reasons expressed above in Part IV.A, the court finds that an award under the court's inherent power is also appropriate.[9]

### V. CONCLUSION

The Motion (docket no. 42) is **GRANTED**. Counsel of record for Schepers, Attorneys David E. Schrock and Chris J. Scheldrup, are **ORDERED** to pay Babson-Smith

---

[8] At the Hearing, counsel for Schepers argued that one equitable consideration should militate against the finding of attorneys' fees. Counsel for Schepers represented to the court—without evidence—that his client is of limited means and an award would harm her financially. This argument is of no moment. Section 1927 permits the court order *counsel* to pay attorneys' fees, not the client. *See* 28 U.S.C. § 1927 (stating that the "*attorney* . . . may be required by the court to satisfy personally the . . . attorneys' fees" (emphasis added).

[9] Because the court does not understand the Motion to seek an award against Schepers personally, the court declines to consider whether Schepers should be sanctioned personally.

14

and Terex $4,466.64.

**IT IS SO ORDERED.**

**DATED** this 28th day of January, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA